IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LULA CHEATHAM o/b/o
ANDREW CHEATHAM III           PLAINTIFF

v.                Civil No. 05-4025

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration        DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

The plaintiff in this case, Lula Cheatham (hereinafter "plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claim on behalf of her minor son, Andrew Cheatham (hereinafter "claimant"), for supplemental security income benefits (hereinafter "SSI"), under § 1602 of Title XVI, *42 U.S.C. § 1381a*. Both parties have filed appeal briefs (Doc. #5 & 6). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The history of the administrative proceedings is contained in the ALJ's written decision and will not be recounted here except as necessary.

The plaintiff asserts disability due to claimant's asthma, headaches and otitis media.[1] The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts the ALJ erred in finding less than

---

[1] Otitis media is defined as an inflammation of the middle ear. *Dorland's Medical Dictionary, p. 1292 (29th Ed.2000).*

marked/extreme limitations in the areas of attending and completing tasks and overall health and well being (Doc. #5, pp. 1-2).

In determining the plaintiff's claim, the ALJ followed the sequential evaluation process, set forth in *20 C.F.R. § 416.924*. Under this most recent standard, a child must prove that he has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *42 U.S.C. § 1382c(a)(3)(c)(i); 20 C.F.R. § 416.906.*

When passing the law, as it relates to children seeking SSI disability benefits, Congress decided that the sequential analysis should be limited to the first three steps. This is made clear in the House conference report on the law, prior to enactment. Concerning childhood SSI disability benefits, the report states:

> The conferees intend that only needy children with severe disabilities be eligible for SSI, and the Listing of Impairments and other current disability determination regulations as modified by these provisions properly reflect the severity of disability contemplated by the new statutory definition.... The conferees are also aware that SSA uses the term "severe" to often mean "other than minor" in an initial screening procedure for disability determination and in other places. The conferees, however, use the term "severe " in its common sense meaning.

*142 Cong. Rec. H8829-92, 8913 (1996 WL 428614), H.R. Conf. Rep. No. 104- 725 (July 30, 1996).*

Consequently, under this evaluation process, the analysis ends at step three with the determination of whether the child's impairments meet or equal any of the listed impairments. More specifically, a determination that a child is disabled requires the following three-step

analysis. See *20 C.F.R. § 416.924(a)*. First, the ALJ must consider whether the child is engaged in substantial gainful activity. See *20 C.F.R. § 416.924(b)*. If the child is so engaged, he or she will not be awarded SSI benefits. See *id.* Second, the ALJ must consider whether the child has a severe impairment. See *20 C.F.R. § 416.924(c)*. A severe impairment is an impairment that is more than a slight abnormality. See *id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, *20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings")*. See *20 C.F.R. § 416.924(c)*. Only if the impairment is severe and meets or is medically or functionally equal to a disability in the Listings, will it constitute a disability within the meaning of the Act. See *20 C.F.R. § 416.924(d)*. Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. *20 C.F.R. § 416.926(a)*. To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. See *20 C.F.R. § 416.926a(b)(1)*. The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. See *20 C.F.R. § 416.926a(b)(1)*. See also, *Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 722 n. 4 (8th Cir.2005)*.

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to an impairment in the Listings. See *20 C.F.R. § 416.926a(d)*. A marked limitation is defined as an

AO72A
(Rev. 8/82)

impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. See *20 C.F.R. § 416.926a(e)(2)*. An extreme limitation is defined as "more than marked", and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. See *20 C.F.R. § 416.926a(e)(3)*.

**Discussion:**

This court reviews a decision by an ALJ "to determine whether it is supported by substantial evidence on the record as a whole." *Ellis v. Barnhart, 392 F.3d 988, 993 (8th Cir.2005); Bailey v. Apfel, 230 F.3d 1063, 1065 (8th Cir.2000); 42 U.S.C. § 405(g)*. Our scope of review is narrow; we must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart 335 F.3d 726, 729 (8th Cir.2003); Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir.1998)*. Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision. *Hunt v. Massanari, 250 F.3d 622, 623 (8th Cir.2001)*. The issue on appeal is whether there is substantial evidence to support the ALJ's determinations under the three-step sequential test. The undersigned employs the same three-step sequential process as the ALJ to evaluate the evidence and the alleged disability. Because plaintiff does not contest the ALJ's finding regarding substantial gainful activity, we bypass the first step. Under the second step, the ALJ found that the claimant has asthma, a "severe impairment" as

that term in contemplated in the regulations (T. 12). Consequently, the pivotal issue remains the third step, namely, whether there is substantial evidence in the record to support the finding that claimant's impairment does not rise to the medical or functional level of severity necessary to equal a disability listed in Appendix 1 of 20 C.F.R. § 404, Subpart P. See *Pepper ex rel. Gardner v. Barnhart 342 F.3d 853, 855 (8th Cir.2003)*.

The regulations provide:

(a) *Basic considerations*. We consider all relevant information (*i.e.,* evidence) in your case record. The evidence [] may include information from medical sources, such as your pediatrician, other physicians, psychologist, or qualified speech-language pathologist; other medical sources not listed in § 416.913(a), such as physical, occupational, and rehabilitation therapists; and nonmedical sources, such as your parents, teachers, and other people who know you.

   (1) *Medical evidence -- (i) General*. Medical evidence of your impairment(s) must describe symptoms, signs, and laboratory findings. The medical evidence may include, but is not limited to, formal testing that provides information about your development or functioning in terms of standard deviations, percentiles, percentages of delay, or age or grade equivalents. It may also include opinions from medical sources about the nature and severity of your impairments. (*See* § 416.927).

   *(ii) Test scores*. We consider all of the relevant information in your case record and will not consider any single piece of evidence in isolation. Therefore, we will not rely on test scores alone when we decide whether you are disabled. (*See* § 416.926a(e)) for more information about how we consider test scores.

*20 C.F.R. § 416.924a(a)(1)(i)-(ii)*.

At the time of the administrative due process hearing, the claimant was 12 years old and in the seventh grade, in regular classes (T. 297, 298, 109). Both the plaintiff and the claimant's grandmother, testified at the hearing, and plaintiff was represented by counsel (T. 296-311). The administrative hearing was conducted on July 20, 2004 (T. 296), after which the ALJ issued his written decision, dated August 20, 2004 (T. 11-17).

-5-

As has been noted, there are several ways to demonstrate that a child is disabled. *20 C.F.R. § 416.926a(b)*. If the ALJ had found that the claimant had an extreme impairment in one functional area or marked impairments in two functional areas, then he would have been entitled to benefits. *20 C.F.R. § 416.926a(d)*. Plaintiff challenges whether there was sufficient evidence to support the ALJ's conclusions that claimant suffered: a less than marked limitation in the two domains of attending and completing tasks and health and physical well-being (Doc. #5, p. 3).

With respect to these two domains, the ALJ found:

The claimant has a less than marked limitation in attending and completing tasks. The claimant's teacher indicated that the claimant had some difficulty with concentration, persistence and pace unless he was interested in the subject. The claimant has not been diagnosed or received treatment for emotional problems.

* * *

The claimant has a less than marked limitation in his health and physical well-being. The claimant carries a diagnosis of asthma and takes prescribed medications. The medical evidence shows the claimant was hospitalized in November 2002 and January 2004.

(T. 14-15).

Plaintiff contends:

This is a minor [claimant] who has asthma to the extent that it affects his ability to attempt and complete tasks and affects his overall health and physical well being if not on the marked level in both categories at least in the extreme level and particularly in regard to affecting his overall health and physical well being. The testimony of the minor [claimant], of his mother Lula Cheatham, and of his grandmother Betty Jean Wilkerson all support the facts that the minor [claimant] is markedly (if not extreme) (sic) unable to attempt and complete tasks and that his overall health and physical well being is at least in the marked category if not the extreme category. To ignore the evidence of disability of the minor [claimant] from asthma is to ignore the substantial evidence in this case.

AO72A
(Rev. 8/82)

(Doc. #5, p. 3). To support her contentions, the plaintiff cites the undersigned to diagnoses of asthma and otitis media, in the administrative record (Doc. #5, pp. 2-3).

However, the plaintiff testified at the hearing that claimant has "not too much trouble with his ears since he got his ears – the little things in his ears." She testified further that the placement of tubes "kind of helped with his ears." (T. 306-307) While plaintiff testified that the claimant has one or two headaches per week, they require only children's over the counter aspirin (T. 306).

With respect to the claimant's asthma, the record clearly documents that his medications and treatments help the condition (T. 302, 133, 132, 280, 309, 134, 280, 281). The plaintiff testified that claimant's doctors opined that he "will grow out of it." (T. 302). Plaintiff also appeared to state that the claimant, on an average, required treatment either by a doctor or at a hospital every three (3) months (T. 303). However, the testimony on this issue could also be construed to reflect that the claimant required treatment by a doctor or at a hospital two (2) to three (3) times, every three (3) months (T. 303). Notwithstanding, the record documents hospital visits lasting longer than 24 hours, due to asthma, on November 1, 2002 (T. 126, 186) and January 1, 2004 (T. 154-199), only. Further, the plaintiff clearly testified that the claimant has a "bad asthma attack" "probably once every three months" and a "regular" asthma attack once a month" (T. 301). Both the plaintiff and claimant's grandmother testified that the claimant' medications help to control claimant's attacks (T. 302, 309). Plaintiff also stated at the July hearing that claimant had not been to see his doctor since February (T. 304).

With respect to asthma, the regulations state:

103.03 *Asthma*. With:

A.  FEV$^1$ equal to o less than the value specified in table I or 103.02A;
Or
B.  Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year.  Each inpatient hospitalization for longer than 24 hours for control of asthma control counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks;
Or
C.  Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:
    1. Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease: or
    2. Short courses of corticosteriods that average more than 5 days per month for at least 3 months during a 12-month period;
D.  Growth impairment as described under the criteria in 100.00.

*20 C.F.R. Part 404, Subpart P, Appendix 1, § 103.03*

The undersigned's careful review of the administrative record demonstrates that the ALJ's findings are supported by substantial evidence.  The claimant's medical records do not support a finding that he meets the listing for asthma.  Further, the evidence, as a whole, substantially supports the ALJ's determination that claimant's only "severe" impairment, as contemplated by the regulations, is asthma; it also supports the ALJ's finding that the claimant's asthma does not medically or functionally equal a listing.

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ, denying benefits to the plaintiff on behalf of the claimant, is supported by substantial evidence of record and should be affirmed.  The undersigned finds further that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 3rd day of May, 2006.

AO72A
(Rev. 8/82)

   /s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)